## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| RICHARD LEE MAKIN, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO.   1:17-cv-05473 |
| ENHANCED RECOVERY COMPANY, LLC, | DEMAND FOR JURY TRIAL |
| Defendant. | |

## <u>COMPLAINT</u>

NOW comes RICHARD LEE MAKIN ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of ENHANCED RECOVERY COMPANY, LLC ("Defendant"), as follows:

### NATURE OF THE ACTION

1.   Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.*, and the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") under 815 ILCS 505/1 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2.   This action arises under and is brought pursuant to the FDCPA and TCPA.  Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.  Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3.  Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Illinois and a substantial portion of the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

### PARTIES

4.  Plaintiff is a natural "person" over 18 years-of-age as defined by 47 U.S.C. §153(39).

5.  Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

6.  Plaintiff is a "person" and "consumer" as defined by 815 ILCS 505/1(c) and (e) of the ICFA.

7.  Defendant's mission states, "We strive to provide first class technology solutions that empower consumers to manage their accounts online, without the pressure of collection calls. It is our goal to provide a user-friendly experience that facilitate the compliant and amicable resolution of debt."[1] With a principal office located at 8014 Bayberry Road, Jacksonville, Florida, Defendant is in the business of collecting consumer debts for others throughout the country, including in Illinois.

8.  Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts. Defendant has been a member of ACA International, an association of credit and collection professionals, since 2002.[2]

9.  Defendant is a "person" as defined by 47 U.S.C. §153(39).

10. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

---

[1] https://pay.ercbpo.com/app/default.aspx
[2] http://www.acainternational.org/search#memberdirectory

11.  Defendant's collection calls to Plaintiff are "trade" and "commerce" as defined by 815 ILCS 505/1(f) of the ICFA.

12. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

13.  Starting in approximately June 2016, Plaintiff began receiving calls to his cellular phone, (517) XXX-6825 from Defendant.

14. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in 6825. Plaintiff is and always has been financially responsible for the cellular phone and its services.

15.  Plaintiff has only had the above cellular phone number registered to him for approximately one year.

16.  Defendant calls became more pronounced during the first several months of 2017.

17. Upon speaking with Defendant, Plaintiff was informed that it was attempting to collect upon a debt he allegedly owed arising from consumer transaction.

18.  Lacking the ability to pay due to financial hardships, Plaintiff informed Defendant of his situation and demanded that it stop contacting him.

19.  Despite Plaintiff's demands, Defendant has continued to regularly call his cellular phone throughout 2017 through the date of filing of this complaint.

20.  During at least one conversation, Defendant has made threats towards Plaintiff regarding his inability to pay.

21. Defendant has used a variety of phone numbers to contact Plaintiff including: (800) 725-7091, (800) 875-5164, and (800) 493-0783.

22. Upon information and belief, the above numbers are regularly utilized by Defendant during its debt collection activity.

23. When answering calls from Defendant, Plaintiff often experiences a recorded message. During other calls, he experiences a noticeable pause, lasting approximately four to five seconds in length, and often has to say "hello" several times before a live representative begins to speak.

24. Defendant has called Plaintiff's cellular phone not less than 25 times after demanding that it stop contacting him. *Id.*

25. Frustrated over Defendant's conduct, Plaintiff spoke with Sulaiman regarding his rights, resulting in expenses.

26. Plaintiff has received some of Defendant's calls while at work. Due to family reasons, Plaintiff is required to keep his cellular phone on him at all times. Mistaking Defendant's calls for important family matters, Plaintiff has answered while doing electrical work, placing him in an extremely dangerous situation.

27. Plaintiff's physical well-being and job performance have been effected by Defendant's conduct.

28. With the goal of specifically addressing Defendant's conduct, Plaintiff has spent approximately $40.00 to purchase and maintain an application subscription on his cellular phone to block the calls, resulting in pecuniary loss.

29. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

30. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls,

4

emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of his telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on his cellular phone, and diminished space for data storage on his cellular phone.

<u>COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT</u>

31. Plaintiff repeats and realleges paragraphs 1 through 30 as though full set forth herein.

    **a.** **Violations of FDCPA §1692c(a)(1) and §1692d**

32. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

33. Defendant violated §1692c(a)(1), d, and d(5) when it continuously called Plaintiff after being notified to stop. Defendant called Plaintiff at least 25 times after he demanded that it stop contacting him. This repeated behavior of systematically calling Plaintiff's phone over and over despite his demands has been harassing and abusive. The frequency and volume of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of harassing him into submission.

34. Defendant was notified by Plaintiff that its calls were not welcomed. As such, Defendant knew that its conduct was inconvenient and harassing

35. Additionally, Defendant made harassing statements to Plaintiff regarding his non-payment of the debt in question.

    **b.** **Violations of FDCPA § 1692e**

36. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

37. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

38. Defendant violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the alleged debt. Despite being told to stop calling, Defendant continued to relentlessly contact Plaintiff over 25 times in a deceptive attempt to force him to answer its calls. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to contact him via an automated system when it did not have consent to do so.

**c. Violations of FDCPA § 1692f**

39. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

40. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a debt by continuously calling Plaintiff when it had no permission to do so, as well as after being notified to stop. Attempting to coerce Plaintiff into payment by placing voluminous phone calls without his permission is unfair and unconscionable behavior. These means employed by Defendant only served to worry and confuse Plaintiff.

41. As pled in paragraphs 24 through 30, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, RICHARD LEE MAKIN, respectfully requests that this Honorable Court enter judgment in his favor as follows:

6

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

42.   Plaintiff repeats and realleges paragraphs 1 through 41 as though fully set forth herein.

43.   The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent.  The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

44.   Defendant used an ATDS in connection with its communications directed towards Plaintiff's cellular phone.  The recorded message as well as the brief pause, lasting approximately four to five seconds in length, that Plaintiff experienced during answered calls from Defendant before being connected to a live representative of Defendant is instructive that an ATDS was being utilized to generate the phone calls.  Additionally, the nature and frequency of Defendant's contacts points to the involvement of an ATDS.

45.   Defendant violated the TCPA by placing phone calls to Plaintiff's cellular phone using an ATDS without his consent.  It is unlikely that Defendant ever had consent to call Plaintiff's cellular phone number as the calls started right around the time he acquired it.  Any consent that

Plaintiff *may* have given to the originator of the consumer debt, which Defendant will likely assert transferred down, was specifically revoked. Plaintiff made demands to Defendant to cease contacting him.

46. The calls placed by Defendant to Plaintiff were regarding collection activity and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

47. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, RICHARD LEE MAKIN, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees; and

d. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT III – VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT AGAINST DEFENDANTS

48. Plaintiff restates and realleges paragraphs 1 through 47 as though fully set forth herein.

49. The ICFA states:

"Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or

8

> commerce are hereby declared unlawful whether any person has in
> fact been misled, deceived or damaged thereby." 815 ILCS 505/2.

50.     Defendant violated 815 ILCS 505/2 by engaging in an unfair and deceptive act or practice in contacting Plaintiff. It was unfair for Defendant to relentlessly contact Plaintiff through means of an ATDS when he notified Defendant that he did not wish to be contacted. Defendant ignored Plaintiff's request and continued to systematically place calls to his cellular phone without consent. Following its characteristic behavior in placing multiple calls to consumers, Defendant engaged in an unfair and deceptive act, willfully done with the hope that Plaintiff would be compelled to make payment.

51.     Defendant has been providing collection services for many years and has been a member of the ACA since 2002. It also claims that it provides a user-friendly experience that facilitates the compliant and amicable resolution of debt without the pressure of collection calls. However, its behavior here is far from lawful under the aforementioned statutes, including the ICFA. Placing at least 25 phone calls after being told to stop calling is the exact opposite of an amicable resolution of debt without the pressure of collection calls. In fact, by placing this many calls, Defendant was attempting to *pressure* Plaintiff into making payment. This places a spotlight on the unfair and deceptive practices which Defendant engages in. Defendant falsely claims it collects in a user-friendly manner, but its actions illustrate contradictory behavior.

52.     The ICFA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

53.     The ICFA further states:

> "Any person who suffers actual damage as a result of a violation of
> this Act committed by any other person may bring an action against
> such person. The court, in its discretion may award actual economic
> damages or any other relief which the court deems proper." 815
> ILCS 505/10a.

9

54.   As pled in paragraphs 24 through 30, Plaintiff has suffered actual damages as a result of Defendant's unlawful practices, including but not limited to costs associated with purchasing and maintaining a blocking application subscription.  As such, Plaintiff is entitled to relief pursuant to 815 ILCS 505/10a.

55.   An award of punitive damages is appropriate because Defendant's conduct was outrageous, willful and wanton, and showed a reckless disregard for the rights of Plaintiff. Defendant acted in defiance of Plaintiff's prompts.  Defendant was notified that Plaintiff did not wish to be contacted, but yet, it continued to harass him with collection phone calls.  In an unfair and deceptive manner, Defendant called Plaintiff at least 25 times, and this onslaught of calls was an attempt by Defendant to harass Plaintiff into submission.  Despite its assertions that it provides a user-friendly experience that facilitates the compliant and amicable resolution of debt, Defendant, in defiance of the law, falsely and deceptively represented that it had the legal ability to contact Plaintiff seeking collection of debt when it did not. Upon information and belief, Defendant regularly engages in the above described behavior against consumers in Illinois and for public policy reasons should be penalized.

WHEREFORE, Plaintiff, RICHARD LEE MAKIN, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a.   Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b.   Awarding Plaintiff actual and punitive damages, in an amount to be determined at trial, for the underlying violations;

c.   Awarding Plaintiff costs and reasonable attorney fees;

d.   Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: July 26, 2017                                  Respectfully submitted,

s/ Nathan C. Volheim                                  s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #6302103                      Taxiarchis Hatzidimitriadis, Esq. #6319225
Counsel for Plaintiff                                 Counsel for Plaintiff
Admitted in the Northern District of Illinois         Admitted in the Northern District of Illinois
Sulaiman Law Group, Ltd.                              Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200                 2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148                               Lombard, Illinois 60148
(630) 630-568-3056 (phone)                            (630) 575-8181 x110 (phone)
(630) 575-8188 (fax)                                  (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com                              thatz@sulaimanlaw.com